1  Moez M. Kaba (Pro hac vice pending)
   Christina V. Rayburn (Pro hac vice pending)
2  Sara Haji (Pro hac vice pending)
   HUESTON HENNIGAN LLP
3  523 West 6th Street, Suite 400
   Los Angeles, California 90014
4  Telephone: 213-788-4340
   Facsimile: 888-775-0898
5  mkaba@hueston.com
   crayburn@hueston.com
6  shaji@hueston.com

7  Ryan J. McBrayer, WSBA No. 28338
   PERKINS COIE LLP
8  1201 Third Avenue, Suite 4900
   Seattle, Washington 98101-3099
9  Telephone: 206.359.8000
   Facsimile:  206.359.9000
10 RMcBrayer@perkinscoie.com

11                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
12                          AT SEATTLE

13

   AMAZON.COM, INC. and AMAZON.COM          No. CaseNumber
14 SERVICES LLC,

15              Plaintiffs,                 COMPLAINT FOR DECLARATORY
                                            RELIEF
16      v.                                  DEMAND FOR JURY TRIAL

17 LIGHTGUIDE, INC.,

18              Defendant.

19

20      Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon")

21 bring this suit against LightGuide, Inc. ("LightGuide"), and allege as follows:

22                          **INTRODUCTION**

23      1.      For over a decade, Amazon has been a leader in robotics innovation, building and

24 implementing cutting-edge technology through sustained investment.  As early as 2010, many of

25 Amazon's worldwide fulfillment centers leveraged automation to process products safely and

26 efficiently.  Amazon has only deepened its commitment to technological innovation since then,

COMPLAINT FOR DECLARATORY RELIEF – 1

1  creating project teams that develop solutions across machine learning, automation, and robotics—

2  many with the goal of improving Amazon's warehouse operations.

3          2.      Shelving and retrieving products—"stowing" and "picking," respectively—are

4  among the many tasks Amazon has improved with advances in machine learning and robotics.

5  Typically, "stow" refers to how associates place products into inventory from various vendors and

6  small- and medium-business sellers throughout the country and across the world.  "Pick," in turn,

7  refers to how Amazon associates remove those products from inventory to pack, ship, and deliver

8  them quickly to customers who have ordered them.  Stowing and picking occur at dedicated

9  associate stations, with Amazon's robotic drive units delivering to Amazon's associates the storage

10  pods onto which they shelve products and from which they retrieve those products.

11          3.      In 2015, Amazon's robotics team developed several hardware, software, and

12  process improvements to Amazon's pick and stow stations; together, they were called "the Nike

13  System," in a reference to the Greek goddess.  The Nike System allows associates to work more

14  safely and efficiently by eliminating cumbersome hand-held scanners and replacing them with

15  digitized overhead scanning.  An incremental aspect of the Nike System—a single feature among

16  many improvements, but the one at issue here—is its use of lights.  For "stow" stations only, the

17  Nike System shines magenta lights to show an associate where not to stow an item on the storage

18  pod.  For "pick" stations only, the Nike System shines white light at the bin on the storage pod

19  where the item is located.

20          4.      In 2016, after Amazon had already begun using the Nike System in a Wisconsin

21  fulfillment center, other Amazon employees who did not work with the Nike System (or even on

22  the same team) began speaking with LightGuide about potentially using LightGuide's technology

23  for certain targeted applications in other parts of Amazon.  As LightGuide describes it, its

24  technology is directed to an "augmented reality" system that uses "digital projection technology

25  to overlay a virtual operating 'canvas' onto any work surface, interfacing with existing

26

COMPLAINT FOR DECLARATORY RELIEF – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   manufacturing equipment to deliver immersive, interactive visual work instructions that simplify

2   complex manual tasks[.]"

3       5.      The few Amazon individuals to interact with LightGuide ultimately did not find

4   LightGuide's solutions innovative or cost-effective, and Amazon did not put any LightGuide

5   system to production use.

6       6.      After repeatedly pushing and failing to secure a deal, LightGuide sent Amazon a

7   letter in October 2021, pointing to public information about Amazon's Nike System and accusing

8   Amazon of "reverse engineer[ing]" and making "unauthorized disclosures" of LightGuide's

9   technology.  Amazon promptly responded by showing LightGuide a video of Amazon's working

10  Nike System, dated June 2016—well before any Amazon employee had had any contact with

11  LightGuide.

12      7.      LightGuide then went silent for many months, resurfacing in November 2022 to

13  sue Amazon without warning for patent infringement in federal court in the Eastern District of

14  Texas.  LightGuide's complaint asserts three patents, and accuses of infringement "at least

15  Amazon's pick and stow operations in at least its Fulfillment Centers through its Nike Intent

16  Detection System (Nike IDS), with 'guided stow/pick activities ….'."  LightGuide's complaint

17  further claims that Amazon "secretly copied" LightGuide's technology for the Nike System, even

18  though LightGuide knows—because Amazon made LightGuide aware—that Amazon had

19  implemented the Nike System as early as mid-2016.

20      8.      LightGuide's patent infringement allegations against Amazon are as baseless as its

21  prior allegations that Amazon developed the Nike System by copying LightGuide.  Amazon's

22  independently developed Nike System does not infringe LightGuide's asserted patents.

23      9.      Venue for LightGuide's infringement allegations is not proper in the Eastern

24  District of Texas: neither LightGuide nor Amazon resides there, none of the relevant discussions

25  or testing took place there, and Amazon does not use the Nike System in the accused fulfillment

26

COMPLAINT FOR DECLARATORY RELIEF – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

center within that district.  If LightGuide does not voluntarily dismiss its complaint in the Eastern

District, Amazon will shortly bring a motion to dismiss LightGuide's lawsuit for improper venue.

10.     Amazon seeks a full and final resolution of LightGuide's patent infringement

allegations against it, and therefore brings this action for declaratory judgment of non-infringement

in the Western District of Washington: where Amazon is headquartered and practices the accused

technology, where LightGuide pitched its product to Amazon employees, where it visited

Amazon's facilities, and where the parties executed two agreements that included forum-selection

clauses directed to the courts of King County, Washington.

## NATURE OF THE ACTION

11.     Amazon seeks a declaration that the development, manufacturing, use, sale,

promotion, and related activities of its Nike System do not infringe U.S. Patent Nos. 7,515,981

("the '981 Patent"), 9,658,614 ("the '614 Patent"), and 10,528,036 ("the '036 Patent")

(collectively, the "patents-in-suit").

## THE PARTIES

12.     Plaintiff Amazon.com, Inc. is a corporation organized under the laws of Delaware

with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

13.     Plaintiff Amazon.com Services LLC is a corporation organized under the laws of

Delaware with a principal place of business at 410 Terry Avenue North, Seattle, Washington

98109.

14.     Defendant LightGuide (formerly OPS Solutions, LLC) is a corporation organized

under the laws of Delaware with a principal place of business at 48443 Alpha Drive, Suite 175,

Wixom, Michigan 48393.

15.     LightGuide purports to be the owner of all rights, title, and interest in and to the

'981 Patent, the '614 Patent, and the '036 Patent.

COMPLAINT FOR DECLARATORY RELIEF – 4

**JURISDICTION AND VENUE**

16.     This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties with respect to the patents-in-suit.

17.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     The Court has personal jurisdiction over LightGuide because LightGuide has specific contacts with the State of Washington and this District that are sufficiently related to this action such that the exercise of jurisdiction over LightGuide would not offend the traditional notions of fair play and substantial justice.

19.     Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events giving rise to the parties' dispute occurred within this judicial district.

20.     Among its many contacts with Amazon within the District and relating to the patents-in-suit:

• LightGuide visited the District to discuss applications of its product offerings;

• LightGuide negotiated and executed agreements with Amazon containing forum-selection clauses in the state and federal courts of King County, Washington;

• LightGuide sent its projector product, which LightGuide claims embodies its patented technology, to an Amazon facility in Sumner, Washington;

• LightGuide repeatedly directed its sales efforts—including calls, meetings, and emails—to Amazon employees in the District; and

• LightGuide directed enforcement activities at Amazon within the District.

**FACTUAL BACKGROUND**

**2015: Amazon Robotics Develops the Nike System**

21.     Since its founding in Seattle in 1994, Amazon has been a pioneer in online commerce and order fulfillment.  Every day, millions of people visit Amazon.com to purchase

COMPLAINT FOR DECLARATORY RELIEF – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   products.  Many of those customers rely on Amazon to fulfill their orders, often with quick turn-

2   arounds of one or two days.

3         22.      During the holidays, any one of Amazon's North American fulfillment centers

4   processes half a million orders per day—hundreds of orders per minute.  This volume is made

5   possible because associates work with cutting-edge automation, machine learning, and robotics

6   technologies.

7         23.      Through its use of advanced software and automation, Amazon has minimized the

8   need for Amazon's associates to walk to storage bins to gather or place items.  Instead, many

9   Amazon fulfillment centers have thousands of robot drive units spread throughout each floor.

10  These drive units collect mobile shelves of product—called "pods"—and deliver them to

11  associates, as shown below:



24.      Amazon's robotic drive units deliver pods on an as-needed basis to associates who

are stowing or picking products.  Below, an exemplary picture of an associate stow station shows

three yellow pods facing the associate.  At this stow station, the Amazon associate will retrieve an

COMPLAINT FOR DECLARATORY RELIEF – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    item from the shelf to the right, scan it beneath a mounted scanner, and then stow that item in a

2    bin on the pod.



3

4

5

6

7

8

9

10

11

12

13    25.    In 2015, Amazon's robotics team developed the Nike System to improve Amazon's

14    pick and stow stations in multiple ways.  One of the more important improvements was the

15    elimination of the hand scanner.  At traditional stations, associates need to hold a hand scanner to

16    scan each item.  The Nike System added a mounted scanner, thus freeing the associates' hands and

17    improving safety and efficiency.  The Nike System also added multiple cameras to the stow

18    stations, along with a robust machine-learning algorithm, to allow the system to automatically

19    determine which bin on a pod had received an item.

20    26.    Lights are a minor element of the Nike System.  At stow stations, the Nike System

21    shines magenta lights on certain bins to let the associate know not to place an item in those bins,

22    because they are not ideal for the specific product the associate has selected.  The associate can

23    then place the item in any of the other bins.  For pick stations only, the Nike System shines white

24    light at the bin where the item-to-be-picked is located.

25

26

COMPLAINT FOR DECLARATORY RELIEF – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

27.     Below, an image depicts the magenta lights used during stow.  Here, the magenta light is shining on several bins, and the Amazon associate is stowing an item away from those bins.



### 2016-2019: Amazon Teams Evaluate and Reject LightGuide

28.     By June 2016, Amazon's robotics team had installed its first Nike System—including the white and magenta lights—at a fulfillment center in Kenosha, Wisconsin.

29.     It was not until months later that other Amazon employees met LightGuide and began considering LightGuide's system for specific applications.  Those applications had nothing to do with the pick and stow activities for which Amazon had developed (and was already using) the Nike System.

30.     Between 2016 and 2018, LightGuide pitched its product to Amazon employees in this District, as well as in Sunnyvale, California.  As part of those pitches, LightGuide interacted with and visited members of Amazon's Advanced Technology team in the Seattle area.

31.     In 2018, LightGuide also sent a Light Guide projector to Amazon's Sumner, Washington facility.  In its complaint in the Eastern District of Texas, LightGuide alleges that the product was marked with the numbers of two of the patents-in-suit.

COMPLAINT FOR DECLARATORY RELIEF – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

32.   None of the employees who interacted with LightGuide overlapped with the Amazon robotics team that had created the Nike System.

33.   As part of LightGuide's pitch process, Amazon and LightGuide executed two agreements containing forum-selection clauses directed to the state and federal courts of King County, Washington.  Both agreements were signed by LightGuide CEO Paul Ryznar and by Amazon employees listing office addresses in Seattle.

34.   Between 2019 and 2021, LightGuide's CEO again directed sales efforts and reached out to the director of Amazon's Advanced Technology group in Seattle.  In its letter to Amazon and its subsequent complaint, LightGuide claims that it presented applications of its patented system to Amazon in Seattle in June 2019.

35.   Ultimately, the few Amazon employees evaluating LightGuide determined that LightGuide's product was not useful or cost-effective for the applications Amazon was considering.  None of those applications related to the Nike System or to pick and stow functions.

### The Present Controversy

36.   On October 11, 2021, LightGuide sent a letter to Amazon in Seattle, accusing it of disclosing LightGuide's technology in violation of Amazon's confidentiality obligations and copying LightGuide's technology for pick and stow operations.  The letter was addressed to an address in this District.  It claimed, in particular, that LightGuide's "patented Light Guide technology includes directional lights that illuminate a bin to direct an employee to place or remove items from the bins, containers, etc."  It also described LightGuide's efforts to pitch to Amazon employees the system purportedly embodying LightGuide's patents, referencing "dozens of emails, phone calls, and additional meetings" between LightGuide and Amazon's Seattle employees.  Finally, it accused Amazon of deploying "Light Guide technology" at Amazon's fulfillment centers based on an Industry Week webinar performed by a Seattle-based Amazon employee in March 2021.

COMPLAINT FOR DECLARATORY RELIEF – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

37.     On January 24, 2022, Amazon sent LightGuide's counsel a video demonstrating that Amazon had developed the Nike System—including its use of lighting—independently and before anyone at Amazon had discussions with LightGuide.

38.     On November 7, 2022, LightGuide nevertheless filed suit against Amazon in the United States District Court for the Eastern District of Texas, alleging that Amazon was infringing the patents-in-suit through the Nike System's use of lights in pick and stow operations at Amazon's FTW3/FTW4 fulfillment center.  LightGuide's complaint specifically asserts Claim 12 of the '981 Patent, Claim 11 of the '614 Patent, and Claim 7 of the '036 Patent.

39.     LightGuide's complaint is currently pending before the Honorable Robert W. Schroeder, III as LightGuide, Inc. v. Amazon.Com, Inc., et al, Case No. 2:22-cv-00433-RWS-RSP (E.D. Tex. 2022).

40.     Amazon does not use the Nike System at the accused fulfillment center in the Eastern District of Texas, rendering venue improper there under 28 U.S.C. § 1400(b). Accordingly, Amazon will shortly move to dismiss LightGuide's complaint in the Eastern District of Texas unless LightGuide agrees to voluntarily dismiss its complaint.

41.     Even so, an actual and justiciable controversy exists between Amazon and LightGuide regarding Amazon's non-infringement of the patents-in-suit.  LightGuide maintains that Amazon infringes the patents-in-suit through its use of lights during pick and stow activities at its fulfillment centers, and Amazon maintains that it does not.  LightGuide has already shown its willingness to file suit to enforce its claims.

### Amazon Does Not Infringe the Patents-in-Suit

42.     The '981 Patent, entitled "Light Guided Assembly System," states on its face that it issued on April 7, 2009.  A true and correct copy of the '981 Patent is attached as **Exhibit A**.

43.     The '614 Patent, entitled "Light Guided Assembly System and Method," states on its face that it issued on May 23, 2017.  A true and correct copy of the '614 Patent is attached as **Exhibit B**.

COMPLAINT FOR DECLARATORY RELIEF – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

44.     The '036 Patent, entitled "Light Guided Assembly System and Method," states on its face that it issued on January 7, 2020.  A true and correct copy of the '036 Patent is attached as **Exhibit C**.

45.     The Nike System does not infringe the patents-in-suit.  Accordingly, Amazon seeks a judicial declaration that it does not directly or indirectly infringe any claim of the patents-in-suit, literally or under the doctrine of equivalents.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '981 Patent

46.     Amazon hereby incorporates by reference its allegations contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     Amazon does not directly, contributorily, or by inducement, infringe any claims of the '981 Patent, either literally or under the doctrine of equivalents.

48.     The manufacture, importation, use, sale, or offer for sale of the Nike System does not directly infringe, contributorily infringe, or induce infringement of any claims of the '981 Patent, either literally or under the doctrine of equivalents.

49.     As set forth above, an actual controversy exists between Amazon and LightGuide concerning Amazon's non-infringement of the '981 Patent.  Absent a declaration of non-infringement, LightGuide will continue to wrongfully assert the '981 Patent against Amazon, in violation of the laws and contrary to public policy, and will thereby cause Amazon injury and damage.  A judicial determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the '981 Patent and any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of the Nike System.

50.     Accordingly, Amazon seeks and is entitled to a judgment against LightGuide that the Nike System, as well as any other Amazon systems that are not colorably different from the

COMPLAINT FOR DECLARATORY RELIEF – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Nike System, has not infringed and does not infringe (directly, indirectly, contributorily, or by

2   inducement) any claim of the '981 Patent.

### SECOND CAUSE OF ACTION

#### Declaratory Judgment of Non-Infringement of the '614 Patent

5          51.     Amazon hereby incorporates by reference its allegations contained in paragraphs 1

6   through 50 of this Complaint as if fully set forth herein.

7          52.     Amazon does not directly, contributorily, or by inducement, infringe any claims of

8   the '614 Patent, either literally or under the doctrine of equivalents.

9          53.     The manufacture, importation, use, sale, or offer for sale of the Nike System does

10  not directly infringe, contributorily infringe, or induce infringement of any claims of the '981

11  Patent, either literally or under the doctrine of equivalents.

12         54.     As set forth above, an actual controversy exists between Amazon and LightGuide

13  concerning Amazon's non-infringement of the '614 Patent.  Absent a declaration of non-

14  infringement, LightGuide will continue to wrongfully assert the '614 Patent against Amazon, in

15  violation of the laws and contrary to public policy, and will thereby cause Amazon injury and

16  damage.  A judicial determination is necessary and appropriate at this time so that the parties may

17  ascertain their respective rights and obligations with respect to the '614 Patent and any past,

18  present, or future manufacture, use, importation, distribution, sale, or offer for sale of the Nike

19  System.

20         55.     Accordingly, Amazon seeks and is entitled to a judgment against LightGuide that

21  the Nike System, as well as any other Amazon systems that are not colorably different from the

22  Nike System, has not infringed and does not infringe (directly, indirectly, contributorily, or by

23  inducement) any claim of the '614 Patent.

24

25

26

COMPLAINT FOR DECLARATORY RELIEF – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**THIRD CAUSE OF ACTION**

**Declaratory Judgment of Non-Infringement of the '036 Patent**

56.     Amazon hereby incorporates by reference its allegations contained in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.     Amazon does not directly, contributorily, or by inducement, infringe any claims of the '036 Patent, either literally or under the doctrine of equivalents.

58.     The manufacture, importation, use, sale, or offer for sale of the Nike System does not directly infringe, contributorily infringe, or induce infringement of any claims of the '036 Patent, either literally or under the doctrine of equivalents.

59.     As set forth above, an actual controversy exists between Amazon and LightGuide concerning Amazon's non-infringement of the '036 Patent.  Absent a declaration of non-infringement, LightGuide will continue to wrongfully assert the '036 Patent against Amazon, in violation of the laws and contrary to public policy, and will thereby cause Amazon injury and damage.  A judicial determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the '036 Patent and any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of the Nike System.

60.     Accordingly, Amazon seeks and is entitled to a judgment against LightGuide that the Nike System, as well as any other Amazon systems that are not colorably different from the Nike System, has not infringed and does not infringe (directly, indirectly, contributorily, or by inducement) any claim of the '036 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Amazon requests the following relief:

1.     A judgment and declaration that Amazon has not infringed and does not infringe, either directly or indirectly, any claim of the '981 Patent;

COMPLAINT FOR DECLARATORY RELIEF – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2.     A judgment and declaration that Amazon has not infringed and does not infringe, either directly or indirectly, any claim of the '614 Patent;

3.     A judgment and declaration that Amazon has not infringed and does not infringe, either directly or indirectly, any claim of the '036 Patent;

4.     A judgment and declaration that this action is an exceptional case and awarding Amazon reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

5.     A judgment for such other and further relief in law or equity as this Court deems just or proper.

## JURY DEMAND

Amazon hereby demands a trial by jury on all counts so triable.

Dated: January 10, 2023

By: *s/ Ryan J. McBrayer*
Ryan J. McBrayer, WSBA No. 28338
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000
RMcBrayer@perkinscoie.com

Moez M. Kaba (*Pro hac vice pending*)
Christina V. Rayburn (*Pro hac vice pending*)
Sara Haji (*Pro hac vice pending*)
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: 213-788-4340
Facsimile: 888-775-0898
mkaba@hueston.com
crayburn@hueston.com
shaji@hueston.com

*Attorneys for Plaintiffs AMAZON.COM, INC.*
*and AMAZON.COM SERVICES LLC*

COMPLAINT FOR DECLARATORY RELIEF – 14