UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>                  Plaintiffs,<br><br>    v.<br><br>LIGHTGUIDE, INC.,<br>                  Defendant. | CASE NO. 2:23-cv-00053-JHC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

# I

## INTRODUCTION

This matter comes before the Court on Defendant LightGuide, Inc.'s Motion to Dismiss Plaintiffs' Complaint. Dkt. # 19. LightGuide moves under the first-to-file rule in favor of an earlier-filed action pending in the Eastern District of Texas, *LightGuide, Inc. v. Amazon.com, Inc., et al.*, No. 2:22-cv-00433-RWS-RSP, (E.D. Tex. 2022) ("the Texas Action"); and, in the alternative, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 19 at 6. Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Plaintiffs") oppose LightGuide's Motion. Dkt. # 22. Having reviewed the materials submitted by the parties in connection with the motion, pertinent portions of the record, and the applicable law, the Court GRANTS the motion under the first-to-file rule and DISMISSES this action without prejudice.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

## II

### BACKGROUND

In November 2022, LightGuide filed the Texas Action against Amazon. Dkt. # 19-1. There, LightGuide alleges infringement as to U.S. Patent Nos. 7,515,981 ("the '981 Patent"), 9,658,614 ("the '614 Patent"), and 10,528,036 ("the '036 Patent"). LightGuide alleges infringement through the Nike Intent Detection System (Nike IDS), an aspect of Amazon's Nike System. *Id.* at 7, 15; Dkt. # 1 at 3.

On January 10, 2023, Plaintiffs commenced this action against LightGuide. Dkt. # 1. They seek a declaratory judgment of non-infringement as to the three patents at issue in the Texas Action. Plaintiffs say that the Nike System does not directly infringe, contributorily infringe, or induce infringement with respect to any of the three patents-in-suit. *Id.* at 11–14.

In the Texas Action, on January 13, 2023, Amazon moved to dismiss the matter for improper venue, and, in the alternative, transfer to the Western District of Washington ("Amazon's Motion to Dismiss"). Dkt. # 19-2 at 8.

In May 2023, in this action, LightGuide filed the motion at issue. Dkt. # 19.

Meanwhile, in the Texas Action, on September 13, 2023, Magistrate Judge Roy S. Payne of the Eastern District of Texas recommended denial of Amazon's Motion to Dismiss. Dkt. # 32-1. On September 29, 2023, while the instant motion to dismiss was pending, Judge Robert W. Schroeder III of the Eastern District of Texas overruled Amazon's objections to Judge Payne's Report and Recommendation and denied their Motion to Dismiss. Dkt. # 34-1.

## III

### Discussion

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs. Inc v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (internal citation omitted). This "first-to-file" rule exists so courts can "avoid conflicting decisions and promote judicial efficiency." *Id.* Whether the second-filed action should proceed is a question tied to patent law and governed by Federal Circuit law. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005).

When determining whether to apply the first-to-file rule, the Court must consider the (1) chronology of the two actions, (2) similarity of parties, and (3) similarity of issues. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). But the first-to-file rule "is not absolute; exceptions may be made if justified by 'considerations of judicial and litigant economy, and the just and effective disposition of disputes.'" *Futurewei Techs. Inc*, 737 F.3d at 708 (citing *Elecs. for Imaging, Inc.*, 394 F.3d at 1347). For example, "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest" may justify not applying the first-to-file rule. *Elecs. for Imaging, Inc.*, 394 F.3d at 1348. And the district court "may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action[.]" *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). Finally, if the first-filed case is brought in bad faith, as an anticipatory suit, or as the result of forum-shopping, a district court may decide not to apply the first-to-file rule. *Alltrade, Inc.*, 946 F.2d at 628; *see TGN Inc v. CRS LLC*, No. C08-00680MJP,

2008 WL 11343671 (W.D. Wash. Aug. 5, 2008).  As for the rule's application "an ample degree of discretion" is left to district courts.  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (internal citation and quotation marks omitted).

It is undisputed that the Texas Action is the "first-filed" case.  It is also undisputed that the parties in both the Texas Action and this case are identical.  And the fundamental question in both cases is whether Amazon infringed on LightGuide's '981, '614, and '036 patents through the Nike System.  *Compare* Dkt. # 1 at 4, *with* Dkt. # 19-1; *e.g.*, *Matterport, Inc. v. Appliance Computing III, Inc.*, No. 2:22-cv-00669-JHC, 2023 WL 5332996, at *1 (W.D. Wash. Aug. 18, 2023) (when the first-filed case alleged infringement of certain patents, and the second-filed case requested declaratory judgment of noninfringement as to the same patents, both cases involved "substantially similar legal uses").  Plaintiffs do not appear to contest this.  *See generally* Dkt. # 22.

Thus, the first-to-file rule applies.

While Plaintiffs assert "there is a significant question whether the first-to-file rule should even be applied in this case, given LightGuide's apparent forum shopping, the parties' forum-selection clauses selecting [the Western] District [of Washington], and the convenience of the parties and witnesses," Dkt. # 22 at 7–8, they do not substantively argue convenience, and they appear to defer to the Eastern District of Texas's determination of venue through the resolution of Amazon's Motion to Dismiss, Dkt. # 22 at 12, 16–17.  And recent decisions indicate that whether an exception to the first-to-file rule applies should be decided by the court with the first-filed case.  *See, e.g.*, *TCT Mobile (US) Inc. v. Cellular Commc'ns Equip. LLC*, No. SACV 2000702JVS(ADSx), 2020 WL 8172714, at *3 (C.D. Cal. July 31, 2020); *EMC Corp v. Bright Response, LLC*, No. C-12-2841 EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012);

*Diversified Metal Prod., Inc. v. Odom Indus., Inc.*, No. 1:12-cv-00162-BLW, 2012 WL 2872772, at *5 (D. Idaho July 12, 2012); *TGN Inc*, 2008 WL 11343671, at *2.  The Ninth Circuit has cautioned that the question of convenience "should be addressed to the court in the first-filed action." *Alltrade, Inc.*, 946 F.2d at 629.  Thus, the Court defers to the Eastern District of Texas' decision on Amazon's Motion to Dismiss.  Dkt. # 19-2.

The thrust of Amazon's opposition to dismissal under the first-to-file rule is that this Court should stay this action "pending resolution of Amazon's EDTX motion to dismiss." Dkt. # 22 at 8.  But the Eastern District of Texas has now denied Amazon's Motion to Dismiss.  Dkt. # 34-1.  Thus, there is no reason that a stay, rather than a dismissal, should be ordered here.  *See Alltrade, Inc.*, 946 F.2d at 629 (staying the proceedings under the first-to-file rule pending the first-filed district court's jurisdiction determination and stating that if the first-filed court finds jurisdiction, "the stay could be lifted and the second-filed action dismissed or transferred."); *Power Integrations, Inc. v. ON Semiconductor Corp.*, No. 16-cv-06371-BLF, 2017 WL 1065334, at *1 (N.D. Cal. Sept. 21, 2017) (A patent infringement case in which the court stayed proceedings pending result of first-filed court's order on motion to dismiss for improper venue and lack of personal jurisdiction or, in the alternative, transfer); *see also, TGN, Inc.*, 2008 WL 11343671, at *1–3 ( dismissal of action because there was no uncertainty about the first-filed-court's jurisdiction).

## IV

### CONCLUSION

For these reasons, the Court GRANTS the motion to dismiss under the first-to-file rule, Dkt. # 19,[1] and DISMISSES this action without prejudice.

Dated this 7th day of November, 2023.

*John H. Chun*

John H. Chun
United States District Judge

---

[1] Given this conclusion, the Court need not reach LightGuide's Rule 12(b)(6) arguments on the claims at issue.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6